```
               IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


E. BELINDA BAUER, as trustee of     :
the CRAIG BAUER INSURANCE TRUST,    :
dated December 29, 2003,            :
                                    :
                Plaintiff,          :   CIVIL ACTION
                                    :
     vs.                            :   No. 09-cv-0397
                                    :
RELIANCE STANDARD LIFE              :
INSURANCE COMPANY,                  :
                                    :
                Defendant.          :
```

## MEMORANDUM AND ORDER

**Joyner, J.**                                           **August 13, 2009**

Before the Court is Plaintiff, E. Belinda Bauer's ("Bauer"), Motion to Conduct Discovery Beyond the Administrative Record (Doc. No. 11), Defendant, Reliance Standard Life Insurance Company's ("Reliance" or "the Company"), Response in Opposition (Doc. No. 12), and Plaintiff's Reply thereto (Doc. No. 13).

## BACKGROUND

Plaintiff, as Trustee of the Craig E. Bauer Insurance Trust, brought an action pursuant to the Employee Retirement Income Security Act of 1974 29 U.S.C. § 1001 ("ERISA"), seeking modification of Defendant's determination of life insurance benefits and a declaration that she is entitled to $1.25 million. Plaintiff alleges, *inter alia*, that

1

Defendant violated ERISA § 1132(a)(3) by denying Plaintiff's request for modification of her benefits. (Pl. Cmpl. ¶ 53.)

When he died in June 2006, Craig E. Bauer was insured under the Accidental Death and Dismemberment Policy ("the Policy") issued by Defendant insurance company, acting as administrator and payor of the Policy.  The Policy states that "Reliance Standard Life Insurance Company shall serve as the claims review fiduciary with respect to the insurance policy and the plan[,] [and] the claims review fiduciary has the discretionary authority to interpret the plan and the insurance policy and to determine eligibility for benefits." (Pl. Cmpl. Exh. A.)  Under the Policy, the Principal Sum that may be awarded is "Five (5) times Base Annual Salary subject to a maximum of $250,000."  Id.

Plaintiff submitted a claim as beneficiary, and in March 2008, her claim was granted in the amount of $269,365.60, including interest.  Plaintiff argues that she should have received $1.25 million, as the phrase "maximum of $250,000" refers to "Base Annual Salary," and five times $250,000 is $1.25 million.  On the contrary, Defendant asserts that, pursuant to the language of the Policy, Plaintiff is entitled to a maximum amount of $250,000, which Defendant has already awarded her.

Plaintiff received a copy of the administrative record in March 2009, and on April 8, 2009, she propounded discovery requests on Defendant.  In the instant Motion, Plaintiff requests discovery outside the administrative record on (1) Defendant's funding mechanism for the Policy, (2) Defendant's decision-making mechanism for the Policy, and (3) information relating to the underwriting and premium pricing of the Policy.  Plaintiff seeks to ascertan whether Defendant has demonstrated a pattern of inconsistent benefit decisions with respect to other employees/insureds and whether the pricing of the Policy accounts for the possibility of a $1.25 million payment of benefits.

## **STANDARD OF REVIEW**

ERISA permits a person denied benefits under an employee benefit plan to challenge that denial in federal court.  29 U.S.C. § 1132(a)(1)(B).  Where, as here, a plan "grant[s] 'the administrator or fiduciary discretionary authority to determine eligibility for benefits [...][,] [t]rust principles make a deferential standard of review appropriate.'"  Metropolitan Life Insurance Company v. Glenn, 128 S.Ct. 2343, 2348, 171 L.Ed.2d 299 (2008). (citing Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 111-15, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989) (internal citations omitted)).  Under this deferential standard of review,

3

"'[i]f a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict must be weighed as a factor in determining whether there is an abuse of discretion.'" Glenn. 128 S.Ct. at 2348 (quoting Firestone, 489 U.S. at 115 (internal citations and quotation marks omitted)).[1]  As such, the presence of a conflict of interest does not alter the standard of review.  Id. at 2350.

As in the instant matter, insurance companies who act as the administrators and payors of employee benefits plans are considered to be operating under a conflict of interest. Id. at 2349.  Ultimately, in determining whether the administrator abused its discretion, the conflict of interest may "prove more important, perhaps of great importance, where circumstances suggest a higher likelihood that it affected the benefits decision."  Id. at 2351. Conversely, "it should prove less important, perhaps to the vanishing point, where the administrator has taken active steps to reduce potential bias and to promote accuracy, for

---

[1] In the ERISA context, the "abuse of discretion" and "arbitrary and capricious" standards are viewed as "practically identical." Estate of Schwing v. The Lilly Health Plan, 562 F.3d 522, 526 n. 2 (3d Cir. 2009) (citing Abmathiya v. Hoffman-La Roche Inc., 2 F.3d 40, 45 n. 4 (3d Cir. 1993)).

4

example, by walling off claims administrators from those interested in firm finances. . . ." <u>Id</u>.

As an evidentiary matter, it is not necessary for "courts to create special burden of proof rules or other special procedural or evidentiary rules focused narrowly upon the evaluator/payor conflict" because "conflicts are but one factor among many that a reviewing judge must take into account." <u>Id</u>. at 2351. "Indeed, special procedural rules would create further complexity, adding time and expense to a process that may already be too costly for many of those who seek redress." <u>Id</u>.

In a recent case, the Third Circuit reviewed the factual record particular to that case, and pursuant to <u>Glenn</u>, found that conflict of interest discovery beyond the administrative record was not warranted. <u>Estate of Schwing v. Lilly Health Plan,</u> 562 F.3d 522, 526-27 (3d Cir. 2009). Thus, the decision to permit conflict of interest discovery outside the administrative record appears to be case-sensitive and tied to the question of whether the conflict bears on the abuse of discretion analysis.

## **DISCUSSION**

In the instant case, neither Plaintiff nor Defendant disputes the fact that Defendant was operating under a structural conflict of interest when making Plaintiff's

5

benefits determination.  Instead, Plaintiff believes that conflict of interest discovery would establish what impact, if any, Defendant's inherent conflict of interest had with respect to the amount of benefits to which Plaintiff was entitled under the Policy.  Defendant contends that the additional discovery Plaintiff has requested is not required under current Supreme Court and Third Circuit precedent and is unnecessary given the nature of the dispute in this case.  More specifically, Defendant asserts that the reasonableness of its interpretation of the Policy's language is not related to or affected by the existence of a structural conflict of interest.

In reviewing the facts of this matter, Plaintiff has not alleged any facts in her Complaint or in the instant Motion to suggest that the conflict of interest may have influenced Defendant's determination of the benefit amount, outside of the basic assumption that, given the conflict of interest, Defendant would have interpreted the language of the Policy to grant the lesser award.  See Glenn, 128 S.Ct. at 2351; Schwing, 562 F.3d at 526-27.  Furthermore, the presence of a conflict of interest may only be weighed by this Court as one factor in determining whether an administrator's interpretation of the Policy was arbitrary and capricious.  Even if the language of the Policy in this

case were ultimately found to be ambiguous, in order to survive the deferential standard set forth in <u>Firestone</u> and <u>Glenn</u>, a plan administrator need only demonstrate that its interpretation of the benefits plan was reasonable and not contrary to the plain language of the plan.  <u>See</u>, <u>e.g.</u>, <u>Donachy v. Motion Control Indus.</u>, No. 08-3919, 2009 U.S. Dist. LEXIS 12439, at *7 (3d Cir. June 4, 2009); <u>Bill Gray Enterprises, Inc., Employee Health and Welfare Plan v. Gourley</u>, 248 F.3d 206, 218 (3d Cir. 2001) (citing <u>Firestone</u>, 489 U.S. at 109); <u>Skretvedt v. E.I. Du Pont de Nemours & Co.</u>, 268 F.3d 167, 177 (3d Cir. 2001).

  Overall, Plaintiff has correctly identified that Defendant's structural conflict of interest may have influenced its interpretation of the Policy language and, thus, this Court will take this conflict of interest into consideration when reviewing Plaintiff's claim regarding the benefit award.  However, additional conflict of interest discovery outside the administrative record is not required for the Court's analysis of the reasonableness of the Policy's interpretation.

  The Court, therefore, denies Plaintiff's Motion to Conduct Discovery Beyond the Administrative Record.  An appropriate order follows.